1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ZAK FRANKLIN HAY,                          No. 2:18-cv-1706-EFB

11                 Plaintiff,

12        v.                                     ORDER

13   ANDREW SAUL, Commissioner of Social
     Security,
14
                  Defendant.
15

16

17        Plaintiff moves for an award of attorney's fees and costs under the Equal Access to Justice

18   Act ("EAJA"), 28 U.S.C. § 2412(d)(1).  ECF Nos. 25, 26.  He seeks fees in the amount of

19   $18,866.75 for time spent by attorney Robert Weems and paralegal Andrew Ragnes litigating this

20   action (including the instant motion for fees) and associated expenses (such as court filing fees).

21   *Id.*  The Commissioner opposes the motion, arguing that its opposition to plaintiff's litigation was

22   substantially justified and thus fees should not be granted.  ECF No. 28.  Alternatively, if the

23   court finds that fees are appropriate, the Commissioner argues that plaintiff is not entitled to

24   expenses, the fee amount should be reduced, and the fee award should not be assigned to

25   plaintiff's attorney.  *Id.*  For the reasons that follow, the court concludes that the Commissioner

26   has not met his burden of showing that he was substantially justified in opposing plaintiff's claim

27   that the ALJ erroneously failed to consider evidence from his treating physician.  The court finds

28   that the requested fees and expenses are, for the most part, reasonable and thus will grant the

                                            1

motion for fees in the main part.  The court will, however, reduce the amount of fees as provided herein.

## I.   **Background**

Plaintiff was injured when his vehicle hit an improvised explosive device while he served in the U.S. military in Afghanistan.  In 2012, plaintiff filed an application for a period of disability and disability insurance benefits, alleging that he has been disabled since November 7, 2007.  His application was denied initially and upon reconsideration.  After holding a hearing, administrative law judge Peter F. Belli ("ALJ Belli") issued a decision finding that plaintiff was not disabled under section 216(i) and 223(d) of the Act.  The Appeals Council subsequently granted plaintiff's request for review, vacated the ALJ's decision, and remanded the matter to the ALJ for further consideration of plaintiff's claim.  Another hearing was held before ALJ Belli, at which plaintiff and a vocational expert testified.  ALJ Belli issued a new decision on January 7, 2015, again finding that plaintiff was not disabled under the Act.  The Appeals Council subsequently denied plaintiff's request for review, leaving ALJ Belli's January 7, 2015 decision as the final decision of the Commissioner.

Plaintiff sought judicial review in this court, and on March 30, 2017, the court remanded the case for further administrative proceedings.  On remand, another administrative hearing was held, this time before administrative law judge Christopher Knowdell (the "ALJ").  On April 5, 2018, the ALJ issued a decision finding that plaintiff was not disabled under section 216(i) and 223(d) of the Act, finding (among other things) that:

> The claimant engaged in substantial gainful activity during the period from his alleged onset date of November 7, 2007 through May 28, 2010.
>
> * * *
>
> Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> * * *
>
> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light/sedentary work as defined in 20 CFR 404.1567(b) in that he can lift

and carry twenty pounds occasionally and ten pounds frequently, sit for six hours of an eight hour day, stand and walk for two hours of an eight hour day, except he can only occasionally perform left foot controls, and can do so frequently on the right; cannot climb ladders ropes and scaffolds, kneel crouch or crawl; can occasionally climb stairs/ramps, balance and stoop; and cannot work about [sic] hazards (dangerous machinery, unprotected heights etc.). He can sustain no concentrated exposure to noise above a moderate (office) level. He is capable of simply routine tasks and occasionally detailed tasks. He can occasionally interact with the public; can frequently interact with coworkers and supervisors; and can occasionally adjust to workplace changes.

* * *

Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

* * *

The claimant was not under a disability, as defined in the Social Security Act, at any time from November 7, 2007, the alleged onset date, through December 31, 2016, the date last insured (20 CFR 404.1520(g)).

AR at 1389-1412.  This decision became the agency's final determination on plaintiff's application, and plaintiff again sought review in this court.

Plaintiff claimed that the ALJ had made five errors in reviewing his application.  The court agreed that the ALJ had committed two errors that required remand, and thus granted plaintiff's motion for summary judgment without addressing the remaining three asserted errors. ECF No. 23.  Specifically, the court concluded that the ALJ had erred in: (1) finding that plaintiff performed substantial gainful activity between November 7, 2007 and May 28, 2010 and (2) rejecting plaintiff's subjective complaints absent clear and convincing evidence.  *Id.* at 6.

As to the first issue, the court found that the ALJ did not apply the correct legal standard because he failed to properly evaluate plaintiff's military work activity as Social Security Ruling ("SSR") 84-24 directs.  *Id.* at 8-10.  In fact, plaintiff's medical records showed that plaintiff performed *no work at all* before June 2009.  *Id.*

As to the second issue, the ALJ's reasons for rejecting plaintiff's testimony regarding the severity of his migraines were not legally sufficient.  *Id.* at 11-15.  Instead, the court found that the ALJ had cherry-picked evidence to "paint a misleading picture of the record."  *Id.* at 12.

3

1    ## II.    Substantial Justification

2    Under EAJA, "a court shall award to a prevailing party other than the United States fees

3    and other expenses . . . unless the court finds that the position of the United States was

4    substantially justified or that special circumstances make an award unjust."  28 U.S.C.

5    § 2412(d)(1)(A).  The parties do not dispute that plaintiff is a prevailing party under the statute.

6    The Commissioner, however, argues that his opposition to plaintiff's case was substantially

7    justified.

8    The government bears the burden of showing that its position was substantially justified.

9    *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017).  It satisfies that burden by showing that

10   the position was "justified to a degree that would satisfy a reasonable person" as having a

11   "reasonable basis both in law and fact."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  The

12   government must justify its position – on the issue for which remand was ordered – in both the

13   agency and court proceedings.  *Gardner*, 856 F.3d at 656.  Where the ALJ's decision has been

14   reversed for procedural errors, "the question is *not* whether the government's position as to the

15   merits of [the plaintiff]'s disability claim was substantially justified.  Rather, the relevant question

16   is whether the government's decision to defend on appeal the procedural errors committed by the

17   ALJ was substantially justified."  *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008)

18   (emphasis in original, internal citation marks omitted).  In the Ninth Circuit, it is "clear that when

19   an agency's decision is unsupported by substantial evidence it is a strong indication that the

20   position of the United States is not substantially justified."  *Decker v. Berryhill*, 856 F.3d 659,

21   664 (9th Cir. 2017).  But a plaintiff's success is not dispositive of the substantial justification

22   issue. *Id.*

23   The Commissioner argues that his opposition here was substantially justified because: (1)

24   there was a genuine dispute regarding whether the ALJ applied the proper legal standard to find

25   that plaintiff's military work between 2007 and 2010 constituted substantial gainful activity and

26   (2) the ALJ's reasons for discrediting plaintiff's subjective complaints were sufficient under the

27   "highly deferential" substantial evidence standard of review.  These contentions are in direct

28   contention with the court's ruling.  The court notes that the ALJ had no evidence supporting his

1   finding that plaintiff engaged in substantial gainful activity before June 2009, and he failed to

2   perform his duty under SSR 84-24 to supplement the record.  And the court found not only that

3   the ALJ's determination regarding plaintiff's migraine complaints was not supported by

4   substantial evidence, it found that the ALJ had cherry-picked evidence contradicting plaintiff's

5   complaints and ignored significant evidence corroborating them to create a misleading picture of

6   the record.  Accordingly, the court finds that the Commissioner was not substantially justified.

7         **III.**    **Reasonableness of Fee Request**

8         The EAJA directs the court to award a reasonable fee.  28 U.S.C. § 2412(d)(2)(A).  In

9   determining whether a fee is reasonable, the court considers the hours expended, the reasonable

10  hourly rate and the results obtained.  *See Comm'r, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v.*

11  *Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998).  "[E]xcessive,

12  redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges

13  that are not properly billable to a client are not properly billable to the government.  *Hensley*, 461

14  U.S. at 434.  "[A]n award of fees should be properly apportioned to pursuing the stages of the

15  case in which the government lacked substantial justification."  *Corbin v. Apfel*, 149 F.3d 1051,

16  1053 (9th Cir. 1998).  Paralegal fees are recoverable under EAJA at prevailing market rates.

17  *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008); *Nadarajah v. Holder*, 569 F. 3d 906,

18  918 (9th Cir. 2009) (EAJA permits compensation for paralegals that are in line with rates in the

19  community for similar services by paralegals of reasonably comparable skill, experience and

20  reputation."); *Rosemary G.V. v. Gaul*, No. 3:19-cv-00715-RBM, 2020 U.S. Dist. LEXIS 212580,

21  at *14-15 (S.D. Cal. Nov. 12, 2020) (finding $130 per hour a reasonable rate for paralegal

22  services) .

23        "A district court can reduce a lawyer's request for duplicative or unnecessary work, and it

24  can impose up to a 10 percent reduction without explanation."  *Chaudhry v. City of Los Angeles*,

25  751 F.3d 1096, 1111 (9th Cir. 2014) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112

26  (9th Cir. 2008)).  But where a greater reduction is imposed, the district court "must provide a

27  clear and concise explanation for why it chose the specific percentage to apply."  *Gonzalez v. City*

28  *of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013).

Plaintiff's counsel has provided detailed billing records for the work performed on this case.  ECF Nos. 26, 31.  He seeks: (1) costs/expenses of $460.54; (2) attorney and paralegal fees through judgment of $16,028.35 (after $5,711.12 in line-item reductions and an additional 10% across-the-board cut); and (3) fees from the preparation of the EAJA motion consisting of $413.32 for two hours preparing the moving papers and $1,964.32 for 9.5 hours preparing the reply.  ECF No. 31 at 3.  Plaintiff's attorney avers that he is an experienced attorney (in Social Security matters among others) who has been practicing in California since 1990.  ECF No. 26 at 1.  Counsel's paralegal, Mr. Ragnes, is a law school graduate and a member of the National Association of Disability Representatives with extensive experience since 2002 as a non-attorney representative before the Social Security Administration.  *Id.* at 1-2.  Counsel seeks fees at the hourly rate established by the Ninth Circuit for his own work and $130 per hour for work performed by Mr. Ragnes.

The Commissioner first argues that no fees for paralegal work should be awarded because counsel has not addressed why the amount of paralegal hours billed was reasonable.  However, as plaintiff points out, he met his obligation of providing documentation for the hours billed, shifting the burden to the government to submit evidence challenging the accuracy or reasonableness of the hours charged.  *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992).  The Commissioner provides nothing substantive to support his request to deny the entirety of paralegal fees.

The Commissioner next argues that the fee request is excessive because "this Court found for Plaintiff in two out of seven issues."  ECF No. 28 at 10.  But the Supreme Court has recognized that "[l]itigants may in good faith raise alternative grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters."  *Hensley*, 461 U.S. at 435; *see also Ibrahim v. United States Dep't of Homeland Sec.,* 912 F.3d 1147, 1166 (9th Cir. 2019) ("[W]hen a district court awards complete relief on one claim, rendering it unnecessary to reach alternative claims, the alternative claims cannot be deemed unsuccessful for the purpose of calculating a fee award.").  The results obtained by plaintiff's counsel here were almost unqualified success – a directed finding of

1  disability with a remand only as to the small issue of whether plaintiff performed substantial

2  gainful activity between 2007 and 2010.  ECF No. 23 at 16-17.

3        The Commissioner argues that counsel unreasonably billed 26 hours to review the 2,114

4  page administrative record, billed for clerical services (not identified by the Commissioner), and

5  engaged in impermissible "block billing."   "[P]urely clerical work or secretarial tasks should not

6  be billed at a paralegal or lawyer's rate, regardless of who performs them."  *Missouri v. Jenkins*,

7  491 U.S. 274, 288 n. 10 (1989).  The only arguably "clerical" entry counsel has billed for appears

8  to be a June 12, 2018 entry for 30 minutes spent by Mr. Ragnes to "Receive and review signed in

9  forma pauperis statement; draft complaint & civil cover; receive instruction re filing approval;

10  advance filing fee."  ECF No. 26-1 at 1.  As the complaint in this action is a standard, bare-bones

11  Social Security complaint, the court will reduce the fee award to subtract the $65 billed for Mr.

12  Ragnes's time in preparing it and the other case-initiating documents.

13        However, having reviewed the billing record, the court does not find impermissible block

14  billing.  Nor does the court find it unreasonable that counsel spent 26 hours reviewing the record

15  and Mr. Ragnes spent 12.5 hours reviewing it.  The Commissioner recognizes that the record was

16  substantial.  Counsel prepared a 38-page summary judgment motion and 11-page reply to the

17  Commissioner's lengthy opposition.  This significant work was supported by many supporting

18  citations to the record, and counsel's care in reviewing the record paid dividends.

19        In conclusion, the court will award plaintiff EAJA fees in the amount requested

20  ($18,866.75) minus $65 billed for clerical tasks for a total amount of $18,801.75.

21       **IV.**   **Assignment of Fees to Counsel**

22        The Commissioner requests that any fee award be made to plaintiff, not counsel.  *Astrue v.*

23  *Ratliff*, 560 U.S. 586 (2010) requires fees awarded under the EAJA to be paid directly to the

24  litigant.  However, courts in this district regularly order payment directly to counsel where

25  plaintiff does not have a debt that is subject to offset and has assigned her right to EAJA fees to

26  counsel.  *See, e.g., Allen v. Colvin*, 2014 WL 6901870 at *3 (E.D. Cal. 2014); *Knyazhina v.*

27  *Colvin*, 2014 WL 5324302 at *3 (E.D. Cal. 2014); *Louis v. Astrue*, 2012 WL 92884 at *7 (E.D.

28  /////

Cal. 2012); *Burnham v. Astrue*, 2011 WL 6000265 at *2 (E.D. Cal. 2011); and *Calderon v. Astrue*, 2010 WL 4295583 at *8 (E.D. Cal. 2010).

Plaintiff has submitted with his motion a copy of an agreement assigning his right to EAJA fees to his attorney. ECF No. 26-2.  Accordingly, the court will honor the agreement between plaintiff and his attorney, assuming that plaintiff has no debt that requires offset.

**V.    Order**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 25) is granted in part as provided in this order;

2.  Plaintiff is awarded $18,801.75 for attorney fees under 28 U.S.C. § 2412(d); and

3.  The Commissioner shall determine whether plaintiff's EAJA attorney fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

DATED:  January 25, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE