UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAK FRANKLIN HAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:18-cv-01706-EFB (SS)<br><br><br>ORDER |

　　　Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $83,496.37. ECF No. 33. Plaintiff previously entered into a retainer agreement with his attorney providing that he would pay counsel 25 percent of any past-due benefits won as a result of the appeal in this case. ECF No. 33-4. Here, the amount requested is more than 25 percent of the past due benefits plaintiff was documented as receiving, and also more than the amount remaining in plaintiff's Social Security Administration (SSA) withholding account. For the reasons set forth below, the motion of fees is granted in part and denied in part.

/////

/////

/////

/////

1

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

Plaintiff's attorney represented him in two federal cases. In 2012, plaintiff applied for Title II benefits, alleging disability as of November 2007. The ALJ issued an unfavorable decision in 2013. ECF No. 9 (Administrative Record ("AR")) 148-165. Plaintiff's attorney represented him in the subsequent action for district court review, *Hay v. Colvin*, Case No. 2:15-cv-02049 EFB, which resulted in a remand for further proceedings. *Id.*, ECF No. 20. In 2015, the ALJ issued a second unfavorable decision. AR 10-22. Plaintiff's counsel then represented him in the instant federal action. ECF No. 1. In 2020, this court granted summary judgment for plaintiff and again remanded for further proceedings. ECF No. 23. In the second round of remand proceedings, plaintiff was found disabled, resulting in an award of past-due benefits. AR 151-160.

/////

Plaintiff's counsel asserts that, between the two federal cases, he spent over 150 hours of attorney time. ECF No. 33-1 (Weems Decl., ¶ 6); *see* ECF Nos. 33-5 & 33-6 (invoices). In defendant's response to the fee motion, defendant calculates that plaintiff's attorney spent 18.1 hours on the first case and 101.9 hours on the instant case, for a total of approximately 120 hours. ECF No. 35, citing ECF Nos. 33-5 & 33-6.

Plaintiff's November 6, 2021 "Notice of Award" letter stated that his total past-due benefit amount was $222,657.00. ECF No. 33-2 at 5. It further stated that the SSA had withheld $55,664.24 (25 percent) of that amount in order to pay any attorney fees on plaintiff's behalf. *Id.* On May 23, 2022, SSA sent plaintiff an "Important Information" letter indicating that only $45,997.12 remained in plaintiff's withholding account, as a portion of the withheld funds were used to satisfy an attorney fee award under § 406(a). ECF No. 33-3; *see* ECF No. 33 at 6.

Plaintiff's attorney asserts that, because plaintiff has minor children, an additional auxiliary disability insurance benefit of $111,328.50 is due to plaintiff under agency regulations, bringing the total past-due benefits award to plaintiff and his family to $333,985.50. ECF No. 33 at 6. Plaintiff's attorney contends that a fee award of $83,496.37, or 25 percent of this amount, is due to him under the fee agreement. ECF No. 33 at 7. In response, defendant notes that plaintiff's counsel "did not include any letters indicating any such award. Counsel for Defendant was unable to independently obtain any such documents, nor did he find any indication that plaintiff's benefits included child's benefits as well." ECF No. 35 at 4. \\\Defendant contends that plaintiff's past-due benefits are accurately reflected as $222,657.00, as set forth in the Notice of Award letter, and the court finds this persuasive. As indicated in the letter, 25 percent of this amount is $55,664.24. Assuming plaintiff's counsel spent 120 hours litigating the two cases, the effective hourly rate for attorney time sought by counsel is $463.87 (*see* ECF No. 35 at 5) which the court finds reasonable under the circumstances presented here.

Counsel did not delay these proceedings, and his representation of plaintiff was not substandard. Indeed, he successfully represented his client's interests before this court. Based on the risk of loss taken in representing plaintiff, counsel's experience in the field of Social Security law, and the results achieved in this case, the court finds that fee request is reasonable. *See De*

3

*Vivo v. Berryhill*, No. 1:15-cv-1332-EPG, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at effective hourly range of $1,116.26); *Jamieson v. Astrue*, No. 1:09cv0490 LJO DLB, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011) (finding fee at effective hourly rate of $1,169.49 reasonable); *Naddour v. Colvin*, No.: 13-CV-1407-BAS, 2016 WL 4248557 (S.D. Cal. Aug. 11, 2016) (awarding fee at effective hourly rate of $1,063); *Kazanjian v. Astrue*, No. 09 civ. 3678 (BMC), 2011 WL 2847439, at *1-2 (E.D.N.Y. July 15, 2011) (finding that counsel "performed well, diligently, and with unusual efficiency," and awarding fee at hourly rate of $2,100).

Based on the foregoing, plaintiff's attorney is entitled to $55,664.24 under the fee agreement with plaintiff. However, as noted above, only $45,997.12 remains in plaintiff's SSA withholding account. The Commissioner typically withholds a total of 25 percent of past-due benefits from which to pay attorney fees under § 406(a) and § 406(b). *See* 42 U.S.C. §§ 406(a)(4), (b)(1)(A); *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (noting that the agency has a discretionary policy of withholding "only one pool of 25% of past-due benefits" to pay attorney fees under both § 406(a) and § 406(b), and thus the Commissioner's direct payment of fees to the attorney out of the past-due benefits "could be less than the fees to which the attorney is entitled"). "[I]f the amount of past-due benefits withheld is insufficient to cover all fees awarded at the administrative and court levels, the claimant's counsel must recover the difference from the claimant." *Dobson v. Commissioner*, No. 2:09–cv–1460–KJN, 2013 WL 6198185, *3 (E.D. Cal. Nov. 27, 2013). Thus, the court will order the Commissioner to pay plaintiff's counsel the $45,997.12 in plaintiff's withholding account, with plaintiff to pay the remaining $9,667.12 owing to counsel under the contingency fee contract.

Finally, plaintiff's counsel acknowledges that the award must be offset by the fees previously awarded under the Equal Access to Justice Act ("EAJA"). Plaintiff's counsel notes that, between the two actions on plaintiff's behalf, he has received $22,951.26 in EAJA fees.[1] ECF No. 33 at 6; *see* ECF No. 32 (awarding $18,801.75 in EAJA fees in instant action); *Hay v.*

---

[1] Defendant's brief refers to $7,600.00 in EAJA fees, but this appears to be an error. ECF No. 35 at 3, 6.

*Commissioner*, No. 2:15-cv-02049 EFB, ECF No. 28 (awarding $4,149.41 in EAJA fees in previous action). Accordingly, the court will include in its ruling an order directing counsel to refund the EAJA fees previously awarded to plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).[2]

Accordingly, it is hereby ORDERED that plaintiff's counsel's motion for attorney's fees (ECF No. 33) is granted in part, as follows:

1. The court approves a total fee award to plaintiff's counsel in the amount of $55,664.24;
2. The Commissioner shall pay plaintiff's counsel the $45,997.12 available in plaintiff's withholding account;
3. The remainder of $9,667.12 is due to plaintiff's counsel under the fee contract with plaintiff; and
4. Plaintiff's counsel shall refund plaintiff the $22,951.26 previously awarded under the EAJA.

Dated: December 9, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court declines counsel's request for a net fee award. *See Crawford v., Astrue*, 586 F.3d 1142 at 1144 n.3 (9th Cir. 2009) ("A district court may award fees under both the EAJA and 42 U.S.C. § 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (internal quotations omitted) (emphasis added); *Martinez v. Saul*, 2021 WL 535404, *4 (E.D. Cal. Feb. 12, 2012) (declining to award net fee and discussing issue).

5